MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
MONIQUE JEWETT-BREWSTER, SBN 217792
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Defendant
JIM FRENCH STUDIOS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-12153-AJ |
| | (Chapter 11) |
| PROWEST MEDIA CORPORATION, | |
| | AP No. 10-1080 |
| Debtor. | |
| _____ | |
| PROWEST MEDIA CORPORATION, | **MEMORANDUM OF POINTS AND** |
| | **AUTHORITIES IN SUPPORT OF** |
| Plaintiff, | **MOTION TO DISMISS AND FOR** |
| | **MORE DEFINITE STATEMENT** |
| v. | Date: 9/10/2010 |
| | Time: 9:00 a.m. |
| JIM FRENCH STUDIOS, INC., | Santa Rosa Courtroom–Jaroslovsky |
| Defendant. | |

## **INTRODUCTION**

This action is the latest litigation arising out of a long-running dispute over the sale of a male erotica/pornography business. The present adversary proceeding contains three claims for relief: (1) a claim to avoid the security interest of the Defendant Jim French Studios, Inc. pursuant to Section 544 because of an allegedly defective UCC-1 Financing Statement, (2) a claim to avoid the Defendant's security interest in the proceeds of its collateral, also brought

pursuant to Section 544, and (3) a claim pursuant to Section 506(a) to bifurcate the claim into secured and unsecured portions.

As will be shown below, the Section 544 claims for relief fails as a matter of law and should be dismissed. The third claim for relief is impossibly vague and uncertain.

## ARGUMENT

**1. THE FIRST AND SECOND CLAIMS FOR RELIEF MUST BE DISMISSED BECAUSE THE ALLEGED FACTS OF THE COMPLAINT ESTABLISH THAT THE DEFENDANT IS A DULY-PERFECTED SECURED CREDITOR IN THE DEBTOR'S ASSETS AND THEIR PROCEEDS**

**A. The Asset Sale and Purchase Money Security Transactions Were Adequately Documented**

The exhibits and allegations of the Complaint establish that the Defendant French is a duly perfected secured creditor. The bulky "Asset Purchase Agreement" attached to the Complaint as Exhibit A, expressly provides at Pages 3-4 that the Defendant French is to be given a blanket security interest in all of the assets purchased by the Plaintiff Prowest. The Debtor executed a separate Security Agreement with an extremely broad collateral description, Complaint, Ex. B, pp. 1-3. The Complaint admits that the Defendant filed a UCC-1 to perfect its security interest, Complaint, p. 2: 13-15.

Parroting a specious State court cross complaint, filed by the Debtor's former counsel without conducting the most the most basic legal research, the Debtor makes two arguments as to why the Defendant's security interest is supposedly void. Both arguments are meritless.

**B. The UCC-1 Does Not Have To Be Signed By the Debtor**

First, the Debtor argues that it never authorized the filing of the UCC-1, Complaint, p. 2:15-16. The fact that the Debtor would make this frivolous argument is indicative of how weak its overall position is. As is well known, in 2001 Article 9 of the Uniform Commercial Code was extensively amended. Among other things, the amendments eliminated any

requirement that the Debtor sign a UCC-1 (the official form no longer has a signature block). Cal. Uniform Commercial Code Section 9509(b) now provides:

> By authenticating or becoming bound as debtor by a security agreement, a debtor or new debtor authorizes the filing of an initial financing statement, and an amendment, covering both of the following:
> (1) The collateral described in the security agreement.
> (2) Property that becomes collateral under paragraph (2) of subdivision (a) of Section 9315, whether or not the security agreement expressly covers proceeds.

Comment 4 to this Section notes:

> **Ipso Facto Authorization**. Under subsection (b), the authentication of a security agreement *ispo facto* constituted the debtor's authorization of the filing of a financing statement covering the collateral described in the security agreement. The secured party need not obtain a separate authorization....

Obviously, the Debtor's argument that French had no right to file its UCC-1 is wholly without merit.

### C. French's Security Interest Automatically Extends to "Proceeds"

Second, the Debtor argues that French's collateral interest does not extend to "proceeds", Complaint, p. 3:5-12. This argument is meritless for two reasons. First, under California Uniform Commercial Code Section 9315 a perfected security interest in any tangible or intangible property ***automatically extends to proceeds.*** Section 9315(a)(2) provides, " A security interest attaches to any identifiable proceeds of collateral." Section 9315(c) provides A security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected."  See also *ITT Commercial Finance Corp. v. Tech Power* 43 Cal.App.4th 1551 (1996) [security interest in inventory automatically extends to proceeds. Second, the Security Agreement specifically provides that the collateral includes proceeds. It states:

> (a) "Collateral" means the personal property of the Debtor listed in Schedule 1(a). From all rights, title and interests of the Debtor in the Collateral only, all accounts as that term is defined in section

9102(a)(2) of the California Commercial Code, hereafter acquired by Debtor, from the sale, lease, license or other exploitation of any of the Collateral only, including accounts receivable, other receivables, and other forms of obligations....now or hereafter acquired by Debtor, wherever located;...**(c) all money due or to become due to Debtor under all purchase orders and contracts for the sale of goods, including the right to receive the proceeds of those purchase orders;** (Complaint, Exhibit B, pp. 1-2; emphasis added).

The specific property identified on the "Schedule 1(a)" includes some tangible items no doubt long gone, but it also includes the following, which remain the sole source of income to the Debtor"

> All rights of ownership in and to the Colt Brand and name, including the names Colt Studio... and Colt videos, films, and DVDs; the Colt Website;...Colt wholesale and retail mail order business; ...all inventory of all Colt magazines, calendars, videos, films, DVDs and merchandise,;...(id, p. 10)

French clearly has collateral rights in the proceeds from the inventory, accounts receivable, and, most importantly, the *"Colt" brand name* he sold the Debtor.

### 2. THE COURT SHOULD COMPEL THE PLAINTIFF TO SPECIFICALLY ALLEGE THE VALUE OF DEFENDANT'S COLLATERAL AND THE PURPOSE OF THE VALUATION IN THE THIRD CLAIM FOR RELIEF

The Third Claim for Relief seeks to bifurcate French's claim into secured and unsecured portions pursuant to Section 506(a). However, nowhere in the Complaint does the Plaintiff propose a suggested valuation or state the purpose of the valuation.

FRCivP 12(c) states:

> A party may move for a more definite statement of a pleading as to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response....

Section 506(a)(1) does indeed permit the Court to bifurcate French's claim. But the statute also provides:

> Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property,

and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

There is no allegation in the instant case as to the purpose of the valuation requested by the Debtor.

Further, it is the Debtor, as Plaintiff, which has the burden of proof on bifurcation, *In re Fairfield Plaza Associates, Ltd.* 115 BR 358 (Bankr. N.D. Fla. 1990). Nowhere in the Complaint is it alleged what value the Debtor ascribes to the subject collateral. It may well be that French agrees with the suggested valuation.

It is important for the Debtor to assign its own suggested value to this collateral, and not totally relegate this decision to the Court, as the Third Claim for Relief attempts to do. We are all aware of the Court's extraordinary workload at the present time. We know of no way sugarcoat this: valuation of this collateral requires a review of hundreds, perhaps of thousands of graphic pornographic images. These would be graphic pornographic images exclusively of guys. It may well be that this task will be unnecessary if French agrees with the Debtor's proposed valuation.

## **CONCLUSION**

Under the 2001 Amendments to the Uniform Commercial Code, the Defendant French is clearly a duly-perfected secured creditor. The first and second claims for relief fail as a matter of law.

The third claim for relief is so vague, it is impossible to respond.

The Motion to Dismiss should be granted.

Dated: August 9, 2010    MacCONAGHY & BARNIER, PLC

Respectfully submitted,

  /s/ John H. MacConaghy  
By John H. MacConaghy  
*Attorneys for Defendant*  
*Jim French Studios, Inc.*